UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WADE K. MARLER, DDS, *et al.*, | CASE NO. 2:20-cv-00616-BJR |
| *Plaintiffs*, | ORDER DENYING MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT |
| v. | |
| ASPEN AMERICAN INSURANCE COMPANY, | |
| *Defendant*. | |
| KARA MCCULLOCH DMD MSD PLLC, *et al.*, | CASE NO. 2:20-cv-00809-BJR |
| *Plaintiffs*, | |
| v. | |
| VALLEY FORGE INSURANCE COMPANY, *et al.*, | |
| *Defendants*. | |
| CARLOS O. CABALLERO DDS MS PS, *et al.*, | CASE NO. 3:20-cv-05437-BJR |
| *Plaintiffs*, | |
| v. | |
| MASSACHUSETTS BAY INSURANCE | |

1

COMPANY, )
)
                              *Defendant.* )
_____ )
                                )
MARIO D. CHORAK DMD PS, *et al.*, )         CASE NO. 2:20-cv-00627-BJR
                                )
                              *Plaintiffs,* )
                                )
                    v.          )
                                )
HARTFORD CASUALTY INSURANCE )
COMPANY, *et al.*,              )
                                )
                              *Defendants.* )
_____ )
                                )
PACIFIC ENDODONTICS, P.S., *et al.*, )      CASE NO. 2:20-cv-00620-BJR
                                )
                              *Plaintiffs,* )
                                )
                    v.          )
                                )
OHIO CASUALTY INSURANCE )
COMPANY, *et al.*,              )
                                )
                              *Defendants.* )
_____ )
                                )
JENNIFER B. NGUYEN, *et al.*,   )           CASE NO. 2:20-cv-00597-BJR
                                )
                              *Plaintiffs,* )
                                )
                    v.          )
                                )
TRAVELERS CASUALTY INSURANCE )
COMPANY OF AMERICA, *et al.*,   )
                                )
                              *Defendants.* )
_____ )
                                )
LA COCINA DE OAXACA LLC,        )           CASE NO. 2:20-cv-01176-BJR
                                )
                              *Plaintiff,* )
                                )
                    v.          )
                                )
TRI-STATE INSURANCE COMPANY )
OF MINNESOTA,                   )
                                )
                              *Defendant.* )
_____ )
                                )
MARK GERMACK DDS, individually and )        CASE NO. 2:20-cv-00661-BJR
on behalf of all similarly situated, )

2

|   |   |   |
|---|---|---|
| 1 | *Plaintiff,* ) |   |
| 2 | v. ) |   |
| 3 | THE DENTISTS INSURANCE ) |   |
| 4 | COMPANY, ) |   |
|   | *Defendant.* ) |   |
| 5 | CADECEUS LLC d/b/a CARE RACER, ) | CASE NO. 2:21-cv-00050-BJR |
| 6 | individually and on behalf of all others ) |   |
| 7 | similarly situated, ) |   |
|   | *Plaintiff,* ) |   |
| 8 | v. ) |   |
| 9 | SCOTTSDALE INSURANCE COMPANY, ) |   |
| 10 | *Defendant.* ) |   |
| 11 | HT-SEATTLE OWNER LLC, ) | CASE NO. 2:21-cv-00048-BJR |
| 12 | *Plaintiff,* ) |   |
| 13 | v. ) |   |
| 14 | AMERICAN GUARANTEE AND ) |   |
| 15 | LIABILITY INSURANCE COMPANY, ) |   |
| 16 | *Defendant.* ) |   |

## I.   INTRODUCTION

Before the Court is a Motion to Certify Questions to the Washington State Supreme Court filed in the above related cases.[1]  As the above-captioned parties have chosen to brief the Motion

---

[1] *See* Pls.' Mot. to Certify Questions to the Wash. State Supreme Court, *Marler v. Aspen Am. Ins. Co.*, No. 20-cv-00616, Dkt. No. 60; *McCulloch v. Valley Forge Ins. Co.*, No. 20-cv-00809, Dkt. No. 58; *Caballero v. Mass. Bay Ins. Co.*, No. 20-cv-05437, Dkt. No. 65; *Chorak v. Hartford Cas. Ins. Co.*, No. 20-cv-00627, Dkt. No. 66; *Pacific Endodontics PS v. Ohio Cas. Ins. Co.*, No. 20-cv-00620, Dkt. No. 55; *Nguyen v. Travelers Cas. Ins. Co. of Am.*, No. 20-cv-00597, Dkt. No. 60; *La Cocina de Oaxaca LLC v. Tri-State Ins. Co. of Minn.*, No. 20-cv-01176, Dkt. No. 54; *Germack v Dentists Ins. Co.*, No. 20-cv-00661, Dkt. No. 80; *Cadeceus LLC v. Scottsdale Ins. Co.*, No. 21-cv-00050,

3

utilizing omnibus oppositions[2] and replies,[3] the Court will resolve the Motion in all cases in one Order.  Having reviewed the Motion, the opposition thereto, the record of the cases, and the relevant legal authorities, the Court will deny the Motion.[4]  The reasoning for the Court's decision follows.

## II.      BACKGROUND

In what is now a common story, thousands of businesses across the country have filed suit against their insurance companies seeking coverage for income lost during the COVID-19 pandemic.  *See Covid Coverage Litigation Tracker*, UNIV. OF PA. CAREY SCH. OF L., https://cclt.law.upenn.edu/ (last visited Apr. 23, 2021) (tracking related litigation).  This District

---

Dkt. No. 26 (collectively, "Omnibus Mot.").  The Plaintiff in *HT-Seattle* filed an independent motion, but joined the Omnibus Motion and reflected largely the same arguments.  *See HT-Seattle Owner LLC v. Am. Guar. and Liab. Ins. Co.*, No. 21-cv-00048, Dkt. No. 34.  The Court will, therefore, treat this Motion as one-in-the-same as the Omnibus Motion.

[2] *See* Defs.' Omnibus Opp'n to Pls.' Mot. to Certify Questions to the Wash. Supreme Court, *Marler*, No. 20-cv-00616, Dkt. No. 71; *McCulloch*, No. 20-cv-00809, Dkt. No. 69; *Caballero*, No. 20-cv-05437, Dkt. No. 76; *Chorak*, No. 20-cv-00627, Dkt. No. 77; *Pacific Endodontics*, No. 20-cv-00620, Dkt. No. 68; *Nguyen*, No. 20-cv-00597, Dkt. No. 71; *La Cocina de Oaxaca LLC*, No. 20-cv-01176, Dkt. No. 65; *Germack*, No. 20-cv-00661, Dkt. No. 90; *Cadeceus*, No. 21-cv-00050, Dkt. No. 29 (collectively, "Omnibus Resp.").  The Defendant in *HT-Seattle* filed an independent opposition, but joined the Omnibus Response and reflected largely the same arguments.  *See HT-Seattle Owner*, No. 21-cv-00048, Dkt. No. 39.  The Court will, therefore, treat this opposition as one-in-the-same as the Omnibus Response.

[3] Pls.' Omnibus Reply in Support of Mot. to Certify Questions to the Wash. Supreme Court, *Marler*, No. 20-cv-00616, Dkt. No. 77; *McCulloch*, No. 20-cv-00809, Dkt. No. 75; *Caballero*, No. 20-cv-05437, Dkt. No. 82; *Chorak*, No. 20-cv-00627, Dkt. No. 82; *Pacific Endodontics*, No. 20-cv-00620, Dkt. No. 74; *Nguyen*, No. 20-cv-00597, Dkt. No. 76; *La Cocina de Oaxaca LLC*, No. 20-cv-01176, Dkt. No. 70; *Germack*, No. 20-cv-00661, Dkt. No. 95; *Cadeceus*, No. 21-cv-00050, Dkt. No. 34 (collectively, "Omnibus Reply").  The Plaintiff in *HT-Seattle* filed an independent reply.  *See HT-Seattle Owner*, No. 21-cv-00048, Dkt. No. 46.  The Court will treat this reply as one-in-the-same as the Omnibus Reply.

[4] Both sides have requested oral argument.  *See* Omnibus Mot. at 1; Omnibus Resp. at ECF 1.  The Court determines that oral argument is unnecessary to resolve the motions and will, therefore, deny the requests.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

has chosen to refer all such litigation to the undersigned Judge, who has consolidated several of these matters according to insurance company parent group. *See, e.g.*, *Marler*, Order on Consolidation, No. 20-cv-00616, Dkt. No. 41. The Court then ordered coordinated briefing to address common questions of coverage and exclusions through dispositive motions, which are now also pending before the Court. *See, e.g.*, *id.*, Min. Order, Dkt. No. 45 (setting briefing schedule on dispositive motions); *id.*, Def.'s Mot. to Dismiss Consolidated Class Action Compl., Dkt. No. 51. Other cases, including as relevant to this Order *Cadeceus* and *HT-Seattle*, were filed after consolidation, but have chosen to track the course of litigation laid out for the consolidated cases.

The Motion to Certify seeks to refer two questions central to interpreting the insurance contracts at issue to the Washington State Supreme Court. Specifically, these questions, as phrased by the Plaintiffs, include:

- Does being physically deprived of the ability to use covered property directly as a result of the Governor's shut-down orders constitute a "direct physical loss of" such property?

- Does Washington's efficient proximate cause rule require a factual determination of the predominant cause of an individual business's loss, before a virus (or other) exclusion may be applied to bar coverage?[5]

Omnibus Mot. at 7.

The first question refers to the fact that all of the insurance contracts at issue utilize the phrase "direct physical loss," or some variation thereof, to trigger coverage. *See, e.g.*, *Marler*,

---

[5] The Plaintiff in *HT-Seattle* has phrased its single question slightly differently: "To trigger coverage under a first-party property policy that covers 'direct physical loss of' or 'direct physical damage to' insured property, must the insured prove 'distinct, demonstrable, physical alteration' to the 'structure' of insured property, or is proof of loss of functional use of insured property due to a covered cause of loss sufficient?" *HT-Seattle Owner LLC*, No. 21-cv-00048, Dkt. No. 34 at 2. The Court finds this variation does not substantively alter its conclusion not to certify.

Consolidated Am. Class Action Compl., Dkt. No. 43 ¶ 16 ("Marler Compl."); *see also id.*, Decl. of Robin Wechkin, Ex. A, Dkt. No. 51-1 at 4 of 8[6] (insurance contract stating: "We will pay for all direct physical damage to covered property at the premises described on the Declarations caused by or resulting from any covered cause of loss."), 25 (emphasis in original) ("'Covered Causes of Loss' means ALL RISK OF DIRECT PHYSICAL LOSS except as excluded or limited in Section II.").

The second question refers to an argument raised by several of the Plaintiffs in opposition to the currently-pending Motions to Dismiss.  *See Marler*, Pls.' Omnibus Opp'n to Defs.' Mots. to Dismiss, Dkt. No. 58.  Specifically, several of the insurance contracts in question include a Virus Exclusion provision, which purports to exclude losses sustained as a result of a virus.  *See id.* at 55–56 (quoting *Marler*, Decl. of Ian S. Birk, Ex. 8, Dkt. No. 59-8 at 26, 28) ("We will not pay for loss or damage caused directly or indirectly by any of the following" including "[a]ny virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.").  Plaintiffs' argument in opposition (paraphrased) is that, under Washington State's efficient proximate cause rule, the Governor's closure orders in response to the COVID-19 pandemic are the cause of Plaintiffs' losses, not the virus itself, and, therefore, the Virus Exclusion provisions do not control or, at the least, determination of the true cause is a factual question which may not be resolved at the Motion to Dismiss phase.  *Id.* at 58–62.

---

[6] As the policies at issue in this case use inconsistent numbering conventions, the Court will consistently refer to the page number derived from the file uploaded to the Court's Case Management/Electronic Case Files.

### III.    LEGAL STANDARD

"[T]he decision to certify a question to a state 'rests in the sound discretion of th[e] court.'"
*Freyd v. Univ. of Oregon*, 990 F.3d 1211, 1223 (9th Cir. 2021) (quoting *In re Compl. of McLinn*,
744 F.2d 677, 681 (9th Cir. 1984)).  In deciding whether to exercise this discretion, federal courts
consider four factors: "(1) whether the question presents important public policy ramifications yet
unresolved by the state court; (2) whether the issue is new, substantial, and of broad application;
(3) the state court's caseload; and (4) the spirit of comity and federalism."  *U.S. Bank, N.A., Tr. for
Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests.
Homeowners Ass'n*, 987 F.3d 858, 867 (9th Cir. 2021) (quoting *Murray v. BEJ Minerals, LLC*,
924 F.3d 1070, 1072 (9th Cir. 2019) (en banc)).

Further, Washington law permits certification "[w]hen in the opinion of [the] federal court
. . . it is necessary to ascertain the local law of this state in order to dispose of such proceeding and
the local law has not been clearly determined."  Wash. Rev. Code § 2.60.020.  Again, emphasized
by the language of the statute is the discretionary nature of the decision to certify.  *See Queen Anne
Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1232, 1235 (9th Cir. 2014);
*Mass. Bay Ins. Co. v. Walflor Indus., Inc.*, 383 F. Supp. 3d 1148, 1166–67 (W.D. Wash. 2019).
Thus, "[e]ven where state law is unclear, resort to the certification process is not obligatory."
*Mass. Bay*, 383 F. Supp. 3d at 1167 (quoting *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d
999, 1009 (9th Cir. 2009)).

## IV.    DISCUSSION

Plaintiffs argue that the Washington Supreme Court has not yet addressed the question of whether COVID-19 and its resulting business closures and limitations causes "direct physical loss" to an insured property.  They highlight the pervasiveness of the term and the broad-reaching effect construction of its scope will have on nearly every business in the State.  *See* Omnibus Reply at 1. They, therefore, urge that rather than engaging in predicting how the Supreme Court would rule, this Court should defer to the Washington Supreme Court and have that court determine the issue. This, the Court declines to do.

Federal courts "regularly decide issues of state law without certifying questions to the state's highest court."  *U.S. Bank*, 987 F.3d at 867.  Indeed, it is part of the fare of federal courts to predict how state courts will rule in the absence of a state court ruling on a particular question. *Judd v. Weinstein*, 967 F.3d 952, 955-56 (9th Cir. 2020) (internal citation and quotation removed) ("Where the state's highest court has not squarely addressed an issue, [the Court] must predict how the highest state court would decide . . ..").  Such issues frequently include interpreting insurance contracts, which are "construed as a whole, with the policy being given a fair, reasonable, and sensible construction."  *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, No. 15-cv-1739, 2021 WL 1222666, at *7 (W.D. Wash. Apr. 1, 2021) (quoting *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000)).  This Court has at its command all the tools necessary to reach its decision, including the extensive briefing provided by the numerous parties in the consolidated cases on both questions Plaintiffs seek to certify.

Other federal courts have ruled on the dispositive issues in similar cases without resorting to certification.  According to the University of Pennsylvania's Covid Coverage Litigation

Tracker, as of the date of this Order, approximately 250 orders have been issued by federal courts resolving dispositive motions in similar cases. *Covid Coverage Litigation Tracker*, UNIV. OF PA. CAREY SCH. OF L., https://cclt.law.upenn.edu/ (last visited Apr. 23, 2021). Indeed, Plaintiffs can point to only one federal court that has decided to certify a related question to a state supreme court, *Neuro-Communication Services, Inc. v. Cincinnati Insurance Company.* No. 20-cv-1275, 2021 WL 274318 (N.D. Ohio Jan. 19, 2021), *certified question accepted*, 2021-1202, 162 Ohio St. 3d 1427 (Ohio Apr. 14, 2021).

As Defendants highlight, however, the *Neuro-Communication Services* court is in the substantial minority, even within its own District. By the Court's count, at least eight other courts in the Northern District of Ohio have interpreted Ohio insurance law and issued opinions addressing whether COVID-19 losses were covered by business insurance policies similar to the ones before this Court.[7] Of these, four opinions were published after *Neuro-Communication Services*, noted its certification, and found it appropriate to rule on the issues before the court nevertheless. *See Equity Plan.*, 2021 WL 766802 at *11 n.1; *Ceres Enters.*, 2021 WL 634982 *12; *MIKMAR*, 2021 WL 615304 at *11–12; *Fam. Tacos*, 2021 WL 615307 at *11–12. Outside of the

---

[7] *Bridal Expressions LLC v. Owners Ins. Co.*, No. 20-cv-833, 2021 WL 1232399 (N.D. Ohio Mar. 23, 2021) (full dismissal with prejudice); *Equity Plan. Corp. v. Westfield Ins. Co.*, No. 20-cv-01204, 2021 WL 766802 (N.D. Ohio Feb. 26, 2021) (full dismissal with prejudice); *Brunswick Panini's, LLC v. Zurich Am. Ins. Co.*, No. 20-cv-1895, 2021 WL 663675 (N.D. Ohio Feb. 19, 2021) (full dismissal with prejudice); *Ceres Enterprises, LLC v. Travelers Ins. Co.*, No. 20-cv-1925, 2021 WL 634982 (N.D. Ohio Feb. 18, 2021) (full dismissal with prejudice): *MIKMAR, Inc. v. Westfield Ins. Co.*, No. 20-cv-01313, 2021 WL 615304 (N.D. Ohio Feb. 17, 2021) (full dismissal with prejudice); *Fam. Tacos, LLC v. Auto Owners Ins. Co.*, No. 20-cv-01922, 2021 WL 615307 (N.D. Ohio Feb. 17, 2021) (full dismissal with prejudice); *Henderson Rd. Rest. Sys., Inc. v. Zurich Am. Ins. Co.*, No. 20-cv-1239, 2021 WL 168422 (N.D. Ohio Jan. 19, 2021) (policyholder Motion for Summary Judgment granted); *Santo's Italian Cafe LLC v. Acuity Ins. Co.*, No. 20-cv-01192, 2020 WL 7490095 (N.D. Ohio Dec. 21, 2020) (full dismissal with prejudice).

Northern District of Ohio, at least five other federal courts addressing similar suits have considered certification to their state's supreme court and found it unnecessary.[8]

Several other strong federal interests weigh against certification. The constitutional provision for diversity jurisdiction entitles an out-of-state party to a federal forum. U.S. CONST. art. III, § 2, cl. 1. As the Second Circuit recently recognized, "certification can effectively defeat a litigant's constitutionally endorsed entitlement to have its case adjudicated by a federal court rather than a state court, as certification will often effectively empower the state court to determine the outcome." *Valls v. Allstate Ins. Co.*, 919 F.3d 739, 743 (2d Cir. 2019); *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 15-cv-5159, 2015 WL 2378851, at *4 (W.D. Wash. May 18, 2015) ("If every allegedly open question of state law were reflexively certified to the state supreme court . . ., this court's diversity jurisdiction would be hollow and illusory.").

In addition, this Court notes that many of the cases presently before it are putative class actions filed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *See, e.g.*, Marler Compl. ¶¶ 1, 73–86. As the Ninth Circuit recently recited, "Congress enacted CAFA with the 'intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (quoting S. REP. NO. 109-14, at 35 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 34);

---

[8] *See Uncork & Create LLC v. Cincinnati Ins. Co.*, No. 20-cv-00401, 2021 WL 966886 (S.D. W. Va. Mar. 15, 2021); *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, No. 20-cv-2035, 2021 WL 858489, at *5 n.5 (S.D. Ohio Mar. 8, 2021); *Drama Camp Prods., Inc. v. Mt. Hawley Ins. Co.*, No. 20-cv-266, 2020 WL 8018579, at *4 (S.D. Ala. Dec. 30, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, No. 20-cv-275, 2020 WL 6163142, at *4 (S.D. Ala. Oct. 21, 2020); *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, No. 20-cv-2939, 2020 WL 5938755, at *7 (N.D. Ga. Oct. 6, 2020).

*see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (quoting Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2, 119 Stat. 4) ("CAFA was enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.'").

Lastly, the additional cost and delay that would be incurred were the Court to certify cannot be justified.  The first of the actions before this Court was filed in April of 2020, in the earliest days of the pandemic.  *See Bath v. Travelers Cas. Ins. Co. of Am.*, 20-cv-05489 (filed in Thurston County Superior Court on April 17, 2020; removed on May 22, 2020).  Since that time, a phalanx of attorneys representing numerous parties on each side of this litigation have worked diligently to prepare the dispositive motions before the Court and brief those issues for the Court's decision. The parties estimate, based on recent examples of certification and response, that it could take the Washington Supreme Court between nine to eleven months to answer.  *See* Omnibus Resp. at 23; Omnibus Reply at 13.  Thus, certification would create delay and expense, minimization of both being a primary reason this District chose to transfer such matters to one Judge, who then chose to consolidate the matters, and institute coordinated briefing.

In sum, the Court determines that the proposed questions, while new, substantial, and not yet addressed by the Washington Supreme Court, do not present such unique and exceptional issues as to warrant certification.  Furthermore, the additional delay and cost that would be incurred counsels against certification.  In the exercise of its discretion, the Court denies the Motion for Certification and retains this matter in federal court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## V.     CONCLUSION

Based on the foregoing, the Court hereby DENIES the Motion to Certify Questions to the Washington State Supreme Court.


DATED this 23rd day of April, 2021.


BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE