1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  HT-SEATTLE OWNER LLC,                )    CASE NO. 2:21-cv-00048-BJR
                                        )
10              *Plaintiff*,            )    ORDER (1) GRANTING DEFENDANT'S
                                        )    MOTION TO DISMISS COMPLAINT
11      v.                              )    COUNTS I & V AND (2) DENYING AS
                                        )    MOOT UNITED POLICYHOLDERS
12  AMERICAN GUARANTEE AND              )    MOTION FOR LEAVE TO FILE A BRIEF
    LIABILITY INSURANCE COMPANY         )    AS AMICUS CURIAE
13                                      )
                                        )
14              *Defendant*.            )
                                        )

15

16          Before the Court are two Motions. First is Defendant's Motion to Dismiss. Def. Am. Guar.

17  and Liab. Ins. Co.'s Mot. to Dismiss Compl. Counts I & IV, Dkt. No. 19. Second is Interested

18  Party United Policyholders' Motion for Leave to Appear as Amicus. Mot. of United Policyholders

19  for Leave to File a Brief as Amicus Curiae, Dkt. No. 31. Having reviewed the Motions, the

20  oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant

21  Defendant's Motion and deny United Policyholders' Motion as moot.

22

23          This is one amongst a multitude of cases across the United States in which a business

24  seeks coverage for income lost due to the COVID-19 pandemic from their insurance company.

25  *See* Compl., Dkt. No. 1-1. This District has chosen to assign all such cases to the undersigned who

consolidated the earliest of these actions into ten cases. *See, e.g.*, *Chorak v. Hartford Cas. Ins. Co.*, 20-cv-00627. This Court recently published an Order in those cases holding there was no coverage for losses due to COVID-19. *See Nguyen, et al. v. Travelers Cas. Ins. Co., et al.*, No. 20-cv-00597, 2021 WL 2184878 (W.D. Wash. May 28, 2021). The Court held that in all of the relevant policies "direct physical loss of or damage to" covered property was required to trigger coverage and COVID-19 did not cause physical loss or damage. *Id.* at *9–*13. Additionally, the Court held that the plaintiffs' Extra-Contractual Claims[1] should be dismissed along with their Contractual Claims where they failed to identify independent grounds apart from unreasonable denial of coverage. *Id.* at *13–*14.

This case was filed after consolidation in those matters, and thus was not included in that Order, but the same applies. Plaintiff's Complaint points to several provisions as grounds for coverage. *See* Compl. ¶¶ 34 (Insurance Agreement), 87 (Property Damage), 94 (Time Element), 98 (Extra Expenses). These provisions, however, all require direct physical loss or damage to covered property to trigger coverage. *See* Compl., Ex. A, Dkt. No. 1-1[2] at 41[3] (Insurance

---

[1] Such as for insurance bad faith, negligence, and claims under the Washington Consumer Protection Action ("WCPA"), WASH. REV. CODE § 19.86, *et seq.*, and the Washington Insurance Fair Conduct Act ("IFCA"), WASH. REV. CODE § 48.30.015.

[2] Hereinafter "Policy."

[3] As the Policy uses an inconsistent numbering scheme, the Court will consistently refer to the page number derived from the file uploaded to the Court's Case Management/Electronic Case Files system.

Agreement),[4] 47 (Property Damage),[5] 51(Time Element),[6] 53 (Extra Expenses),[7] 85 (Covered Cause of Loss).[8]  Therefore, given the Court's conclusion that COVID-19 does not cause physical loss or damage, these provisions fail to provide coverage.

The "risks of" which modifies "direct physical loss of or damage from" in the definition of "Covered Cause of Loss" does not change this conclusion.  Plaintiff argues that "the term 'risks of' means that the Policy provides coverage when the loss of property is caused by the threat of Coronavirus, whether or not Coronavirus is actually present."  Pl. HT-Seattle Owner, LLC's Opp'n to Def.'s Mot. to Dismiss Compl. Counts I and IV, Dkt. No. 28 at 13.  The threatened presence of

---

[4] Stating "This Policy Insures against direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property[.]"

[5] Stating

> COVERED PROPERTY
> This Policy insures the following property, unless otherwise excluded elsewhere in this Policy, located at an Insured Location or within 1,000 feet thereof or as otherwise provided for in this Policy.
>
> Based on the context of this provision, it is clearly meant as an extension, defining the property covered once coverage is triggered in the first instance.  As no coverage is triggered, the Property Damage provision fails to provide independent grounds for coverage

[6] Stating

> LOSS INSURED
> The Company will pay for the actual Time Element loss the Insured sustains, as provided in the Time Element Coverages, during the Period of Liability.  The Time Element loss must result from the necessary Suspension of the Insured's business activities at an Insured Location.  The Suspension must be due to direct physical loss of or damage to Property (of the type insurable under this Policy other than Finished Stock) caused by a Covered Cause of Loss at the Location, or as provided in Off Premises Storage for Property Under Construction Coverages.

[7] Stating

> EXTRA EXPENSES
> The Company will pay for the reasonable and necessary Extra Expenses incurred by the Insured, during the Period of Liability, to resume and continue as nearly as practicable the Insured's normal business activities that otherwise would be necessarily suspended, due to direct physical loss of or damage caused by a Covered Cause of Loss to Property of the type insurable under this policy at a Location.

[8] Defining "Covered Cause of Loss" as "[a]ll risks of direct physical loss of or damage from any cause unless excluded."

3

COVID-19, as compared to its actual presence, makes no difference here as, even when present, the virus does not cause physical loss or damage.

Plaintiff advances claims for Breach of Contract (Count I), violation of the WCPA (Count II), Bad Faith (Count III), and Declaratory Judgment (Count IV). Compl. ¶¶ 119–115. [9] Defendant's Motion to Dismiss seeks only to dismiss Counts I and IV of Plaintiff's Complaint. *See* Mot. at 1. The Court, however, may *sua sponte* dismiss any claim where the claimant cannot possibly win relief. *See Omar v. Sea-Land Serv.*, Inc., 813 F.2d 986, 991 (9th Cir. 1987). The Court finds *sua sponte* dismissal of Plaintiffs Extra-Contractual Claims (Counts II and III) is appropriate, as it was in the Court's Order on the consolidated case, because Plaintiff fails to identify grounds independent of unreasonable denial of coverage. *See* Compl. ¶¶ 97–105.

In the Order addressing the consolidated cases, the Court found it appropriate to dismiss all claims with prejudice as any amendment would be futile based on the finding that COVID-19 does not cause a triggering loss. *See Nguyen*, 2021 WL 2184878, at *17. The same is true here. The Court hereby GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's Claims with prejudice.

As the Court has reach its conclusions without reference to United Policyholders' proposed Amicus brief, the Court hereby DENIES the Motion for Leave to File such brief as MOOT.

---

[9] Plaintiff's Complaint contains a numbering error.

SO ORDERED.

DATED this 1st  day of June, 2021.

_Barbara J Rothstein_
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE