The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HT-SEATTLE OWNER, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY,<br><br>  Defendant. | Civil Action No. 2:21-cv-00048-BJR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND JUDGMENT AND TO AMEND COMPLAINT |

## I.   INTRODUCTION

Plaintiff HT-Seattle Owner filed this lawsuit against Defendant American Guarantee & Liability Insurance Company, alleging claims for breach of contract, breach of duty of good faith and fair dealing, violations of the Washington Consumer Protection Act, and violations of the Washington Insurance Fair Conduct Act.  Currently before the Court is Plaintiff's motions to amend the prior judgment of this Court that dismissed Plaintiff's complaint, and to amend its

1

complaint.[1]  Having reviewed the motions, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny both motions.  The reasoning for the Court's decision follows.

## II.  BACKGROUND

Plaintiff owns and operates luxury hotels and other properties in the Seattle area.  Dkt. No. 1, Ex. 1 ¶ 1.  Plaintiff lost business income due to the COVID-19 pandemic and government measures taken in response.  *Id.* ¶ 2.  Plaintiff brought this lawsuit claiming that Defendant, the company which insures Plaintiff's properties, erroneously determined that Plaintiff's insurance policy (the "Policy") did not cover COVID-19-related losses and wrongly denied Plaintiff's insurance claim.  *Id.*

On June 1, 2021, the Court granted Defendant's motion to dismiss Plaintiff's claims, primarily on the grounds that the Policy covers only "direct physical loss of or damage to" covered property and that COVID-19 does not cause physical loss or damage.  *See generally* Dkt. No. 49.  The determination that COVID-19 does not cause physical loss or damage was taken from the Court's ruling in a consolidated action, decided prior to the dismissal order in this case, that considered policy language nearly identical to that of the Policy here.  *Nguyen v. Travelers Casualty Ins. Co. of Am*, 2021 WL 2184878 (W. D. Wash. May 28, 2021).  In dismissing Plaintiff's complaint, the Court found that its findings in *Nguyen* applied to this case.[2]  Now before the Court

---

[1] Plaintiff brings one motion seeking both to amend the judgment and to amend its complaint, but for clarity the Court will treat these requests as separate motions.

[2] Although the Ninth Circuit has not yet ruled on the *Nguyen* cases, the court recently ruled on three similar appeals from California and Arizona and affirmed, *inter alia*, the lower courts' "'[i]nterpreting the phrase 'direct physical loss of or damage to' property as requiring physical alteration of property," which is consistent with this Court's

2

is Plaintiff's motions to amend that judgment under Federal Rule of Civil Procedure 59(e), and to amend its complaint.  Dkt. No. 51.

### III.  DISCUSSION

A Rule 59(e) motion is an extraordinary remedy and "should not be granted, absent highly unusual circumstances." *See Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). There are four circumstances that generally qualify: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and internal quotation marks omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).  Furthermore, implied in the standard for newly discovered evidence is that such evidence must not only be new but also material, such that it is capable of altering the Court's original judgment. *See Kinchen v. DeJoy*, 2021 WL 3204020, at *2 (9th Cir. July 28, 2021) (affirming denial of reconsideration where newly discovered evidence "was immaterial to the court's analysis").[3]

---

findings in *Nguyen*. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of America*, No. 20-16858 (9th Cir. Oct. 1, 2021); *see also Selane Prods., Inc. v. Continental Cas. Co.*, No. 21-55123 (9th Cir. Oct. 1, 2021) (unpublished); *Chattanooga Professional Baseball LLC v. Nat'l Cas. Co.*, No. 20-17422 (9th Cir. Oct. 1, 2021) (unpublished).

[3] The standard for a motion to reconsideration is virtually the same as the standard for a motion under Rule 59(e). *See Kinchen*, 2021 WL 3204020, at *2 ("A motion for reconsideration should only be granted if the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (citation omitted)).

Here, Plaintiff argues that the Court committed manifest error in dismissing its claims and that new, previously unavailable evidence warrants altering the Court's judgment. Dkt. No. 51 at 3-4. The manifest error the Court allegedly committed was "[d]ismissing [Plaintiff's] complaint with prejudice and thereby preventing [Plaintiff] from amending its complaint to add further information supporting its claims." Dkt. No. 51 at 10. The "further information" Plaintiff seeks to add is the purported newly discovered evidence. *See id.* at 5-10. Therefore, both of Plaintiff's arguments hinge on there being newly discovered evidence capable of altering the Court's original judgment.

### A. Plaintiff Has Not Presented Newly Discovered Evidence

Plaintiff's new evidence primarily consists of "the evolved COVID-19 scientific landscape since [Plaintiff] filed its original complaint that confirms that COVID-19 can cause covered loss or damage." *Id.* at 1.[4] According to Plaintiff, recent studies and expert analyses have made it "increasingly evident that COVID-19 is spread through aerosols and physically alters the air we breathe . . . . [and that] the release of COVID-19 in or around the airspace of buildings, where large numbers of people congregate . . . renders such premises uninhabitable or non-functional . . . . thereby triggering 'loss of' or 'damage to' property coverage." *Id.* at 2. Plaintiff seeks to present this scientific evidence by adding new allegations to its complaint and with expert testimony. *Id.*

---

[4] Plaintiff also claims it recently discovered documents showing that, in 2013, Defendant had internal discussions about making changes to the Policy's language, and that these discussions and the resulting steps taken by the company show that Defendant was aware the Policy might be applicable to losses caused by a virus. *See* Dkt. No. 51 at 9-10. However, Plaintiff does not explain how or when these documents were discovered, or why they were unavailable until recently, even when Defendant specifically challenged these points in its response. *See* Dkt. No. 56 at 8; *see generally.* Dkt. No. 59. Therefore, Plaintiff has not established that this information constitutes newly discovered evidence.

4

What Plaintiff has described in its briefs and proposed amended complaint does not qualify as newly discovered evidence under the demanding standard of Rule 59(e). Rather, the proposed amended complaint merely reframes, clarifies, and expands upon facts and scientific data that were present in the original complaint. For example, many of Plaintiff's proposed amendments are aimed at making clear that scientists believe COVID-19 is airborne, rather than being restricted to surfaces. *See, e.g.*, *Id.*, Ex. 3 at 26 ¶ 91. Accordingly, rather than argue that COVID-19 damages surfaces, as Plaintiff did in its original complaint, Plaintiff now advances the argument that COVID-19 damages the airspace of a building. *See* Dkt. No. 51 at 6-7. However, Plaintiff's original complaint contains numerous allegations that the virus is airborne (*see, e.g.*, Dkt. No. 1, Ex. 1 ¶¶ 21, 23, 54, 56, 60-61, 116), and the Court accepted those allegations as true when it considered Defendant's motion to dismiss. Plaintiff cannot use Rule 59(e) to refashion existing allegations under the guise of "newly discovered evidence." *See In re Netflix, Inc. Secs. Litig.*, 647 F. App'x 813, 817 (9th Cir. 2016) (affirming denial of motion to amend judgment and complaint where plaintiff's new evidence merely "clarify[ied] the legal theory, streamline[d] the complaint, and add[ed] additional textual context").

Additionally, like Defendant, the Court is not convinced that scientific evidence that the virus is airborne was not available when Plaintiff filed its original complaint in January 2021. *See* Dkt. No. 56 at 7-8. Although Plaintiff is careful to cite sources published after January, that does not mean that the underlying scientific findings in those sources was not available from other sources before January. In other words, Plaintiff cannot meet its burden under Rule 59(e) by showing that evidence establishing COVID-19 is airborne was available after it filed its complaint; Plaintiff must show that this evidence was *not* available prior to that point. Plaintiff does not even

5

attempt to make such a showing in its briefs or its proposed amended complaint.

Moreover, even if Plaintiff had presented newly discovered evidence, the question of whether COVID-19 is airborne or surface-bound is immaterial to the Court's analysis. In its June 1 dismissal order and in *Nguyen*, the Court concluded that a virus, without regard to how it is transmitted, does not cause physical loss of or damage to property within the meaning of the Policy. None of the recent scientific findings cited by Plaintiff would alter that conclusion.

Additionally, the new arguments raised in Plaintiff's motion do not persuade the Court that Plaintiff should be allowed to amend its complaint or the Court's judgment. Plaintiff's primary argument is that COVID-19 alters the airspace inside a building, and that courts in other states and circuits have found that invisible substances that contaminate the air within a property, like asbestos or toxic gas, can cause physical loss or damage. *See* Dkt. No. 51 at 6 (citing cases). As an initial matter, none of these cases is controlling, and all of them were available to Plaintiff when it filed its original complaint. *See id.* (most recent case decided in 2015). Furthermore, this Court considered and rejected these arguments in *First & Stewart Hotel Owner, LLC v. Firemen's Fund Ins. Co.*, 2021 WL 3109724, at *3-4 (W.D. Was. July 22, 2021). In *First & Stewart*, the Court noted that there was no indication that courts in the Ninth Circuit had accepted the theory that substances like asbestos or toxic gas cause physical loss or damage. *Id.* at *4. The Court further reasoned that, even assuming such substances do cause physical loss or damage, COVID-19 is materially different from asbestos or gas. *Id.* In particular, "[u]nlike th[ose] hazardous airborne substances, . . . coronavirus poses a temporary health hazard to the occupants of a building, whose threat to human health dissipates with the passage of time," and once the source of the virus (an infected person) departs the premises, the virus follows thereafter. *Id.* (citation omitted).

Therefore, the plaintiff in that case could not demonstrate COVID-19 caused any lasting damage to property that might have been covered by its insurance policy. Plaintiff's arguments here are not substantively different from those advanced in *First & Stewart*, and they fail for the same reasons.

### B. Amending the Complaint Would Be Futile

Because the Court has found that, even if scientific studies showing COVID-19 is airborne qualified as newly discovered evidence under Rule 59(e), Plaintiff's claims would still fail, the Court necessarily concludes that amending the complaint to include that evidence would be futile. Accordingly, Plaintiff's motion to amend its complaint must be denied. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

In summary, Plaintiff's proposed amended complaint does not present newly discovered evidence and, even if it did, that evidence would not alter the Court's analysis. Accordingly, Plaintiff has not satisfied the high standard for a Rule 59(e) motion to amend the judgment in this matter, nor has Plaintiff shown why amending its complaint would not be futile.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion to amend the judgment and to amend its complaint (Dkt. No. 51).

DATED this 7th day of October, 2021.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE